IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

LEGENDS ARE FOREVER, INC.,

                Plaintiff,

                                Civil Action No.
                                3:12-CV-1495 (LEK/DEP)

   v.

NIKE, INC.,

                Defendant.
_____

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

BENEDICT LAW OFFICE         TIMOTHY A. BENEDICT, ESQ.
311 North Washington Street
P.O. Box 448
Rome, NY 13442

FOR DEFENDANT:

OSBORN, REED & BURKE, LLP    CHRISTIAN C. CASINI, ESQ.
One Exchange Boulevard
Rochester, NY 14614

GOULSTON & STORRS            JENNIFER B. FUREY, ESQ.
400 Atlantic Avenue                 MATTHEW P. HORVITZ, ESQ.
Boston, MA 02210

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Currently pending before the court in connection with this action is an application by defendant Nike, Inc., ("Nike") for quantification of the costs and attorney's fees to be awarded against plaintiff Legends Are Forever, Inc., ("Legends") in connection with a discovery-related motion. For the reasons set forth below, costs and attorney's fees are awarded in the amount of $12,332.82.

## I. BACKGROUND

On September 27, 2012, plaintiff Legends commenced this action against defendant Nike, asserting various claims including trademark infringement, unfair competition, false designation of origin, and trademark dilution under the Lanham Act, 15 U.S.C. § 1051, *et seq.* Legends' claims arise out of Nike's alleged use of the LEGENDS ARE FOREVER mark, which is registered federally by the plaintiff.

Since inception of the case, discovery has progressed at a disturbingly slow pace, and has required both formal and informal court intervention on several occasions. Most recently, Nike filed a motion to compel, complaining of Legends' failure to proved requested discovery. On September 12, 2013, I issued an order in connection with that motion in which, *inter alia*, I ordered Legends to produce various information and

documents sought by Nike through discovery, and to produce a witness pursuant to the Federal Rule of Civil Procedure 30(b)(6), as well as two named witnesses, for deposition. Dkt. No. 26. In that order I awarded Nike the costs, including a reasonable attorney's fee, incurred in bringing and arguing the motion, pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.[1] *Id.*, at ¶ 6.

In accordance with that order, Nike has submitted an application

---

[1] In pertinent part, that provision provides as follows:

    **(a)**     **Motion for an Order Compelling Disclosure or Discovery.**

    . . .

    **(5)**     **Payment of Expenses; Protective Orders.**

        **(A)**     *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

            (i)     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

            (ii)     the opposing party's nondisclosure, response, or objection was substantially justified; or

            (iii)     other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

requesting an award of costs and attorney's fees in the total amount of $25,186.91. Dkt. Nos. 27, 28. That fee application is supported by exhibits reflecting the amounts of time spent by the three attorneys who performed the relevant services in filing and litigating the motion to compel. More specifically, the exhibits detail the tasks undertaken, the dates of service, the attorneys performing the work, the times expended, and narratives describing the work performed. Nike seeks recovery of attorney's fees, calculated at rates ranging from $250 to $450 per hour, as well as out-of-pocket costs limited to those incurred by two attorneys in traveling to Syracuse, New York, for the hearing conducted by the court on September 11, 2013, to address defendants' motion to compel discovery.

In response to the fee application, Legends argues that fees should not be awarded, and to the extent fees are awarded, defendant should recover only a minimal amount. *See generally* Dkt. No. 29. Plaintiff also challenges the number of hours claimed as being excessive, and the rates at which the fee application is calculated as exceeding those applicable in the Northern District of New York.[2]  *See id.*

---

[2] In its memorandum, Legends asserts that "[g]enerally speaking, Rule 37 sanctions require a showing of a violation of a court order." Plaintiff's Memorandum (Dkt. No. 29-1) at 1 (citing *Daval Steel Prod. v. M/V Fakredine,* 951 F.2d 1357, 1364 (2d Cir. 1991)). Plaintiff is mistaken. As can be seen from the text of the governing rule, costs and attorney's fees must be awarded when a motion to compel discovery is granted, absent specific findings that do not speak to whether an order has been issued.

4

II. DISCUSSION

    A. Calculation of Attorney's Fees Generally

Having already determined that an award of costs and attorney's fees is warranted under Rule 37(a)(5)(A), the task of the court now shifts to determining the appropriate amount to award. In this circuit, fee awards are governed by the Second Circuit's instructive decision in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,* 522 F.3d 182, 183-84 (2d Cir. 2008). Under the protocol announced in *Arbor Hill*, a court must first consider whether the rates at which compensation is sought are those that a "reasonable, paying client would be willing to pay" before multiplying that figure by the number of hours expended. *Arbor Hill*, 522 F.3d at 190-91; *see also Lewis v. City of Albany Police Dep't*, No. 04-CV-0152, 2008 WL 2103565, at *1 (N.D.N.Y. May 20, 2008) (Hurd, J.) ("Attorney's fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours."). Determination of the rate at which a reasonable client would be willing to compensate for the services rendered is informed by several factors of varying degrees of relevance,

---

Fed. R. Civ. P. 37(a)(5)(A). In this instance, the court has already made the findings necessary to support an award of costs, including attorney's fees, under this provision. Dkt. No. 26 at ¶ 6.

5

> including, but not limited to, the complexity and
> difficulty of the case, the available expertise and
> capacity of the client's other counsel (if any), the
> resources required to prosecute the case effectively .
> . . the timing demands of the case, [and] whether
> an attorney might have an interest (independent of
> that of his client) in achieving the ends of the litigation
> . . . .

*Arbor Hill*, 522 F.3d at 184. *Arbor Hill* also reinforced the appropriateness of considering the so-called "*Johnson* factors" when establishing a reasonable rate, including

> (1) the time and labor required; (2) the novelty and
> the difficulty of the questions; (3) the level of skill
> required to perform the legal service properly; (4) the
> preclusion of employment by the attorney due to
> acceptance of the case; (5) the attorney's customary
> hourly rate; (6) whether the fee is fixed or contingent;
> (7) the time limitations imposed by the client or the
> circumstances; (8) the amount involved in the case
> and the results obtained; (9) the experience,
> reputation, and ability of the attorneys; (10) the
> 'undesirability' of the case; (11) the nature and length
> of the professional relationship with the client; and
> (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3, 190 (discussing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96 (1989)). The Second Circuit cautioned that a court should also "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190.

6

## B. Application of the Forum Rule in Determining a Reasonable Hourly Rate

Before announcing the specific hourly rates I will apply in calculating the amount to award to the defendant in this case, I must first address the parties' difference of opinions regarding whether to apply the prevailing hourly rates in this district, or instead those used in the districts where defendant's counsel sits. *Compare* Dkt. No. 27 at 6-8 *with* Dkt. No. 29-1 at 2-3. This is a threshold consideration of sorts, in that it helps, in addition to the factors identified above,[3] to inform the court of the hourly rate to award in a particular case. *See Arbor Hill*, 522 F.3d at 183-84 (permitting the district courts to "adjust th[e] base hourly rate to account for a plaintiff's reasonable decision to retain out-of-district counsel").

When awarding attorney's fees, courts in the Second Circuit apply the "forum rule," which was first developed by the Supreme Court in *Blum v. Stenson*, 465 U.S. 886 (1984). In *Arbor Hill*, the court explained that district courts "generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Arbor Hill*, 493 F.3d at 192 (quotation marks omitted); *see also Blum*, 465 U.S. at 985. A district court may apply an "out-of-district rate . . . in calculating the presumptively reasonable fee, if it is clear that a reasonable,

---

[3] *See* part III.A. of this decision, *ante.*

7

paying client would have paid those higher rights." *Arbor Hill*, 493 F.3d at 191. In *Simmons v. New York City Transit Authority*, 575 F.3d 170, 172 (2d Cir. 2009), the Second Circuit clarified the application of the forum rule holding that,

> when faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule. In order to overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected an out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result . . . . The party seeking the award must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result.

*Simmons*, 575 F.3d at 175-76.

In this instance, I am unable to conclude that the presumption in favor of the forum rule should be set aside. This case involves relatively simple and uncomplicated intellectual property issues. The court is familiar with several firms in the Northern District of New York, many of whom maintain highly respected and capable practices in the field of intellectual property, including trademark cases of this nature. I am unable to conclude that a reasonable paying client, such as Nike, would have selected out-of-district counsel because doing so would likely, and not just possibly, produce a

substantially better net result.

Indeed, Nike has not set forth any argument that it selected Boston- and Rochester-based law firms because there existed a "likelihood that use of in-district counsel would produce a substantially inferior result." *Simmons*, 575 F.3d at 176. Rather, Nike argues that the court should divert from the forum rule because, in this case, the court is awarding fees due to Nike's entitlement to sanctions under Rule 37 of the Federal Rules of Civil Procedure. Dkt. No. 27 at 6. Although there are cases suggesting that the forum rule, while applicable in situations involving fee-shifting statutes, may be overlooked in cases involving sanctions under Rule 11 or 37, the reasoning for excusing the forum rule in cases where a court awards fees as a sanction appears to stem from the deterrent purpose underlying such awards. *See On Time Aviation, Inc. v. Bombardier Capital, Inc.*, 354 F. App'x 448, 452 (2d Cir. 2009) (affirming the district court's award of fees for Rule 11 sanctions based on out-of-district rates, emphasizing that "the district court explicitly referenced this deterrent purpose in setting the sanction amount"); *Ceglia v. Zuckerberg*, No. 10-CV-0569, 2012 WL 503810, at *7 (W.D.N.Y. Feb. 14, 2012) ("[A]ttorney's fees awarded as sanctions are not intended only as compensation of reimbursement for legal services, but also serve to deter abusive litigation practices and, as such,

9

district courts have discretion in determining the amount of an attorney's fee awarded as sanctions."). In this case, however, I find that applying the forum rule and calculating fees based upon Northern District of New York rates will adequately serve the intended purposes of Rule 37. *See 246 Sears Road Corp. v. Exxon Mobile Corp.*, No. 09-CV-0889, 2013 WL 4506973, at *11 (E.D.N.Y. Aug. 22, 2013) (applying the prevailing Eastern District rates, rather than out-of-district rates, because, "[e]ven assuming that *Simmons* does not control fee awards under Rule 37, . . . based on all the circumstances of the instant application, using prevailing rates in the Eastern District is appropriate and will adequately serve the compensatory and deterrent objectives of Rule 37(a)(5)(B)").

C. Reasonable Hourly Rate in This Case

Having determined that the forum rule applies in this case, I am left to determine the presumptively reasonable hourly rate in this district. Some courts in the Northern District have found that "[t]he prevailing hour rates . . ., which are what a reasonable paying client would be willing to pay, are $210 per hour for an experienced attorney, $150 per hour for an attorney with more than four years experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals." *Lewis v. City of Albany Police Dep't*, 554 F. Supp. 2d 297, 298-99 (N.D.N.Y. 2008)

10

(Hurd, J.) (citing *Picinich v. United Parcel Serv.*, No. 01-CV-1868, 2008 WL 1766746, at *2 (N.D.N.Y. Apr. 14, 2008) (McCurn, J.)); *see also Paramount Pictures Corp. v. Hopkins*, No. 07-CV-0593, 2008 WL 314541, at *5 (N.D.N.Y. Feb. 4, 2008) (Scullin, J.); *New Paltz Cent. Sch. Dist. v. St. Pierre*, No. 02-CV-0981, 2007 WL 655603, at *2 (N.D.N.Y. Feb. 26, 2008) (Scullin, J.). Other courts in the district, however, have more recently awarded higher fees. *See Zalewski v. T.P. Builders, Inc.*, Nos. 10-CV-0876, 11-CV-1156, 2012 WL 5880327, at *3 (N.D.N.Y. Nov. 21, 2012) (Sharpe, J.) (awarding attorney's fees based on an hourly rate of $275 per hour for partners, $200 per hour for attorneys with more than four years experience, $170 per hour for attorneys with less than four years experience, and $90 per hour for paralegals); *Martinez v. Thompson*, No. 04-CV-0440, 2008 WL 5157395, at *15 (N.D.N.Y. Dec. 8, 2008) (Peebles, M.J.) (awarding attorney's fees based on an hourly rate of $275 per hour); *Luessenhop v. Clinton Cnty., N.Y.*, 558 F. Supp. 2d 247, 266 (N.D.N.Y. 2008) (Treece, M.J.) (awarding attorney's fees based on an hourly rate of $235 per hour). Moreover, although the Second Circuit has not yet found that a court in this district has abused its discretion by continuing to apply the $210 per hour rate, it has commented that this rate "perhaps lag[s] behind the market." *Bergerson v. New York State Office of Mental Health, Cent. New York*

*Psychiatric Center*, 652 F.3d 277, 290 (2d Cir. 2011).

With this guidance as a backdrop, and mindful that the "presumptively reasonable fee," as described in *Arbor Hill*, is informed by "*all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees," 522 F.3d at 190 (emphasis in original), I conclude that the court should apply the following hourly rates: for Jennifer B. Furey, Esq., a partner at Goulston & Storres, P.C., located in Boston Massachusetts, a rate in the amount of $350 per hour; for Matthew P. Horvitz, Esq., an associate at Goulston & Storres, P.C., an hourly rate in the amount of $275; and for Christian C. Casini, Esq., local counsel for defendant, and a partner at Osborn, Reed & Burke LLP, located in Rochester, New York, a rate of $250 per hour.

D. <u>Number of Hours for Which Defendant's Counsel Is Entitled to Compensation</u>

The next step in the fee award calculus requires a determination of the number of hours reasonably expended by the three attorneys making and arguing the discovery motion. Nike seeks recovery based upon the following hours attributed to the three attorneys:

| <u>Attorney Name</u> | <u>Number of Hours</u> |
|---|---|
| Jennifer B. Furey, Esq. | 21.15 |
| Matthew P. Horvitz, Esq. | 43.75 |

Christian C. Casini, Esq.	6.3

Dkt. No. 28 at 4.

In determining the number of hours reasonably expended in bringing and arguing the present motion, I reiterate that discovery in this case has proceeded at an unacceptably slow pace, and Nike has experienced considerable difficulties in obtaining compliance by plaintiff with legitimate discovery demands, as evidenced during the various telephone conferences conducted by the court in connection with the action. Nonetheless, my order approving the issuance of Rule 37(a)(5) sanctions specifies that recovery can be sought only for the time expended in bringing and arguing the motion to compel. Dkt. No. 26 at ¶ 6. Permission was given, pursuant to this court's local rules, to file that motion during a telephone conference conducted on July 10, 2013. Text Minute Entry Dated July 10, 2013. I will therefore use that as the starting point for calculating the hours to be awarded.

In addition to eliminating time claimed for work performed prior to July 10, 2013, I have also reduced the number of hours upon which fees will be awarded from those reflected in plaintiff's application for two reasons. First, it appears that several of the entries are excessive, given the description of the work performed. In addition, there appears to be

duplication of effort and overlap in responsibilities between the lead attorneys for Nike and its local counsel, Attorney Casini. As one example, Nike chose to send two attorneys to the hearing, held on September 11, 2013, to address defendant's motion to compel discovery, including Jennifer Furey, Esq., from Boston, Massachusetts, and Christian Casini from Rochester, New York, apparently as a result of a strategic decision. The motion, however, was relatively straight-forward and not particularly complex. While Nike certainly retains the prerogative to send multiple attorneys to such a hearing, I decline to award costs and attorney's fees based upon that duplication of effort. I therefore have excluded from the calculation all time expended by Attorney Cassini in preparing for and attending the September 11, 2013 hearing. In eliminating time prior to July 10, 2013, I have subtracted 2.65 hours for Attorney Furey, and 9.4 hours for Attorney Horvitz, leaving 34.35 compensable hours for Attorney Horvitz, and 18.5 for Attorney Furey. Having found some of the remaining entries to be somewhat excessive, I have further reduced those hours by thirty percent, leaving 12.95, for Attorney Furey, and 24.05, for Attorney Horvitz.

    E.    Total Calculation

Based upon the foregoing, I am awarding attorney's fees in the amount of $11,146.25, calculated as follows:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Jennifer B. Furey | 12.95 | $350.00 | $4,532.50 |
| Matthew P. Horvitz | 24.05 | $275.00 | $6,613.75 |

F. Costs

In addition to attorney's fees, Nike has also sought recovery of costs in the sum of $1,297.93, representing travel expenses incurred by Attorneys Furey and Casini for the hearing on September 11, 2013. For the reasons articulated above, I have deducted the travel costs associated with Attorney Cassini's travel, but find that it is appropriate to award the expense associated with Attorney Furey traveling to Syracuse, New York, for the required hearing, in the amount of $1,186.57.

III. SUMMARY AND ORDER

Plaintiff Legends now complains of the court's requirements that it pay costs, including reasonable attorney's fees, incurred by defendant Nike as a result of plaintiff's failure to provide required discovery, asserting that, as a small corporation, it would be economically disadvantaged by the award. Nike, however, despite its size and prominence, having been sued, is entitled to the same discovery as any other litigant. When discovery is sought but not provided, it is fair and appropriate to award costs and attorney's fees as provided for under the governing rule, notwithstanding the

disparity in size of the two parties involved.  Having previously found no circumstances making such an award unjust, and based upon the foregoing, it is therefore hereby

ORDERED as follows:

(1) Defendant Nike, Inc., is hereby awarded, and plaintiff Legends Are Forever, Inc., is hereby directed to pay, within thirty days of the date of this order, the sum of $12,332.82, representing costs and attorney's fees associated with having to bring and argue the recent motion to compel discovery.

(2) In the event the amount is not paid within thirty days, the clerk is respectfully directed to enter judgment in that amount in favor of defendant Nike and against plaintiff Legends Are Forever, Inc.

(3) The clerk is respectfully directed to promptly forward copies of this order to counsel for the parties, electronically.

Dated: November 18, 2013
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge